```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

ALICE JOHNSON, individually and as  )
Wife and Next of Kin of WILLIE      )
JOHNSON, JR.,                       )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )   No. 06-2052 Ma/P
CITY OF MEMPHIS, et al.,            )
                                    )
    Defendants.                     )
                                    )
_____

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**
_____

    Plaintiff Alice Johnson ("Johnson") brings this action under 42 U.S.C. § 1983, individually and as wife and next of kin of Willie Johnson, Jr. ("the decedent"), alleging that Memphis police officers violated the decedent's Fourth, Fifth, and Fourteenth Amendment rights through the use of excessive force, causing his death. Johnson also brings claims under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-103 et seq., and the Tennessee Malicious Harassment Statute, Tenn. Code Ann. § 39-17-309. The case was originally filed in the Circuit Court of Shelby County, Tennessee, for the Thirtieth District at Memphis, on December 27, 2005. Defendant City of Memphis ("the City") removed the case to this court on January

25, 2006.[1]

Before the court is Johnson's motion to remand, filed on January 31, 2006. Defendants Michael Davis, D.R. Stine, and Tuboris Martin ("Defendant Officers") filed a response on February 13, 2006. The City filed a response on February 14, 2006. For the following reasons, Johnson's motion is DENIED.

Johnson asserts that the entire case should be remanded under 28 U.S.C. § 1441(c). That statute, however, is a removal statute and does not authorize the remand of an action in its entirety. Furthermore, this action was removed under 28 U.S.C. § 1441(b), not § 1441(c). Therefore, the latter statute is not applicable.

Section 1441(b) provides for the removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws or the United States." Because Counts I and II of the complaint are brought under § 1983, removal under § 1441(b) was proper, and the court can find no basis for remanding those federal claims to state court.

Although the notice of removal does not specify the basis for removing Counts III, IV, and V, which are brought under Tennessee law, the court assumes that the City sought to remove

---

[1] Although all Defendants did not join the petition for removal and none of the individual defendants has filed a formal consent to removal with the court, Johnson did not raise this argument within thirty days of removal.

those claims based on the court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Under 28 U.S.C. § 1367(c), however, a district court can decline to exercise supplemental jurisdiction over a state claim where:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the federal court has original jurisdiction,...or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Johnson asserts that this case should be remanded in its entirety because the Tennessee General Assembly, in enacting the TGTLA, gave the Tennessee circuit courts exclusive jurisdiction over claims brought under the law. Tenn. Code Ann. § 29-20-307. Johnson also argues that the case should be remanded in its entirety because the Tennessee Malicious Harassment Statute substantially predominates over Johnson's § 1983 claims. As the court has already stated, however, the federal claims are properly before this court and cannot be remanded. It does not appear, however, that Johnson seeks to have her state claims remanded if the case is not remanded in its entirety.[2] Therefore, the court must determine whether it can and should exercise supplemental jurisdiction over those claims.

In <u>Gregory v. Shelby County, Tenn.</u>, 220 F.3d 433, 446 (6th

---

[2] Johnson argues that the case should be remanded in its entirety to avoid the difficulty of holding trials arising out of the same facts in two jurisdictions. (Pl.'s Mot. 9.)

Cir. 2000), the Sixth Circuit found that the Tennessee legislature's preference, expressed in the TGTLA, that claims brought under the act be handled by the Tennessee circuit courts provides "an exceptional circumstance for declining jurisdiction" under § 1367(c)(4). The Sixth Circuit did not, however, find that district courts *must* decline jurisdiction over claims brought under the TGTLA. Federal district courts can and have heard TGTLA claims under their supplemental jurisdiction. See Brown v. City of Memphis, 2006 WL 2126315, at *6-8 (W.D. Tenn. July 7, 2006) (finding that district court could hear TGTLA claim because state legislature cannot restrict jurisdiction of federal courts); Malone v. Fayette County, Tenn., 86 F. Supp. 2d 797, 802 (W.D. Tenn. 2000) (denying motion to dismiss TGTLA claims because of interest in avoiding duplicative litigation).

All of the claims in this case arise from the same nucleus of operative facts. Therefore, this court has supplemental jurisdiction over Johnson's state claims. Because remanding those claims and trying the resulting cases separately would waste the resources of the state and federal courts and the litigants, this court will exercise its supplemental jurisdiction and retain the state claims.

4

For the foregoing reasons, Johnson's motion to remand is DENIED.

So ordered this 31st day of August 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE